Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| SANTIAGO-MIRANDA CPA GROUP, LLC<br><br>Apelante<br><br>v.<br><br>SA POBLA INVESTMENTS, LLC; CANTERO FRAU GROUP, INC.; PERSONA NATURAL Y/O JURÍDICA DESCONOCIDA "1" Y OTROS<br><br>Apelados | TA2026AP00328 | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.: SJ2024CV04568<br><br>Sobre: Cobro de Dinero – Ordinario, Incumplimiento de Contrato, Daños |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Ronda Del Toro, la Jueza Lotti Rodríguez

*Grana Martínez, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 10 de junio de 2026.

La parte apelante Santiago Miranda Group CPA, LLC pide que revoquemos la Sentencia Parcial en la que el Tribunal de Primera Instancia desestimó la causa de acción en la que solicitó descorrer el velo corporativo contra la parte demandada.

La parte apelada SA Pobla Investments, LLC presentó su oposición al recurso.

El recurso se presentó erróneamente como un certiorari, pero lo atenderemos como apelación, ya que el promovente solicita que revoquemos una Sentencia Parcial. Los hechos pertinentes para atender esta controversia se detallan a continuación.

I

La parte apelante presentó una demanda contra SA Pobla y Cantero Frau Group Inc., por incumplimiento de contrato y cobro

de dinero.[1] Posteriormente, solicitó enmendar la demanda con el propósito de incluir una causa de acción para descorrer el velo corporativo. La apelante alegó que SA Pobla era un *alter ego* de su único accionista y socio administrador, el señor Fermín Fracinetti Rivas. La enmienda incluyó a su esposa Yolanda Capó Fernández y a la Sociedad Legal de Gananciales.[2] El TPI admitió la enmienda, a pesar de la oposición de la apelada.[3] No obstante, la apelada solicitó la desestimación de la causa de acción para descorrer el velo corporativo, porque estaba basada en conclusiones y carecía de fundamentos. La apelada adujo que la apelante incumplió con las Reglas 7.2 y 7.3 de Procedimiento Civil, 32 LPRA Ap. V, porque no hizo alegaciones específicas de fraude, ni sobre el período en que fue cometido. Según la apelada, las alegaciones de fraude se limitaron a que Sa Pobla era una entidad inoperante que no generaba ingresos y a que Fermín M. Fracinetti Rivas era su único accionista y socio administrador.[4] La apelante cuestionó la capacidad de SA Pobla para solicitar la desestimación, porque no sería afectada por la concesión de la demanda.[5] Los esposos Fracinetti Capó, comparecieron voluntariamente y solicitaron tiempo para contestar la demanda.[6] Sin embargo, no contestaron dentro del término que les concedió el tribunal. Posteriormente, se unieron a la Moción de Desestimación de la apelada.[7]

El TPI dictó una Sentencia Parcial en la que desestimó la causa de acción para descorrer el velo corporativo, porque la Demanda Enmendada: 1) únicamente contenía alegaciones

---

[1] Véase, Entrada número 1 del Sistema Unificado del Manejo y Administración de Casos (SUMAC) del Tribunal de Primera Instancia (TPI).
[2] Entrada núm. 69 SUMAC del TPI.
[3] Entrada núm. 97 SUMAC del TPI.
[4] Entrada núm. 119 SUMAC del TPI.
[5] Entrada núm. 123 SUMAC del TPI.
[6] Entrada núm. 114 SUMAC del TPI.
[7] Entrada núm. 128 SUMAC del TPI.

conclusorias y (2) no incluía alegaciones específicas de fraude, ni sobre el período en que fue cometido.[8]

Según el TPI, la apelante alegó en la Demanda Enmendada lo siguiente. El 30 de diciembre de 2021, pactó con CFG y SA Pobla un Acuerdo de Distribución. Los contratantes acordaron la distribución del pago por la gestión de créditos contributivos de retención de empleados a favor de Saint Luke Memorial Hospital, Inc. CFG quedó encargada de distribuir equitativamente los pagos. El 10 de enero de 2022, ambas partes acordaron sustituir a CFG por SA Pobla en la gestión de hacer los pagos. El 23 de febrero de 2024, la apelante se enteró que HSL recibió $14,342.193.08 en pagos de créditos contributivos y que le pagó a SA Pobla. Sin embargo, SA Pobla no le pagó a la apelante, en violación a lo pactado, y a pesar de las gestiones de cobro. La apelada actuó de mala fe y de forma culposa al no hacer los pagos correspondientes a la apelante.

El TPI determinó que la solicitud de la apelante para descorrer el velo corporativo estaba basada en las alegaciones siguientes:

(1) SA Pobla era una compañía de responsabilidad limitada, creada al amparo de las leyes del Estado Libre Asociado de Puerto Rico.

(2) SA Pobla estaba inoperante y no generaba ingresos.

(3) Fracinetti era el único accionista y socio administrador de SA Pobla.

(4) Fracinetti utilizaba los activos de SA Pobla como personales.

(5) La apelante se enteró en el descubrimiento de prueba del caso civil núm. SJ2023CV05067 que SA Pobla no tenía cuentas

---

[8] Entrada núm. 156 SUMAC del TPI.

bancarias y que los pagos los realizaba su único accionista y socio administrador Fermín M. Fracinetti Rivas.

(6) SA Pobla admitió en una moción de reconsideración presentada en el caso civil núm. SJ2023CV05067 que era inoperante, no tenía actividades comerciales y no generaba ningún ingreso.

(7) Fracinetti Rivas, su esposa y Sociedad Legal de Ganaciales responden solidariamente a la apelante.

Por otro lado, el TPI hizo un listado de las conclusiones de hecho incluidas en la Demanda Enmendada. Las conclusiones de hecho son las siguientes:

A. Existe un control total del único accionista Fermín M. Fracinetti Rivas, sobre los asuntos corporativos de SA Pobla;

B Fermín M. Fracinetti Rivas utiliza los activos de SA Pobla como activos personales;

C Existe un retiro irrestricto del capital de SA Pobla por Fermín M. Fracinetti Rivas;

D Existe una mezcla de los activos personales de Fermín M. Fracinetti Rivas con los activos de SA Pobla;

E. Existe una [sic] estructura inadecuada de capital de SA Pobla;

F. Existe una falta crasa de archivos corporativos de SA Pobla;

G. Existe una inobservancia crasa de formalidades corporativas de SA Pobla;

H. Existe una inactividad y/o inexistencia de los demás oficiales y directores de SA Pobla;

I. Existe una práctica de no declarar dividendos en SA Pobla;

J. Ha existido una representación pública de Fermín M. Fracinetti Rivas como responsable en su carácter personal por las obligaciones de SA Pobla y por el manejo de la corporación, sin atención a su personalidad independiente.

El foro apelado, además hizo constar que el *Acuerdo de Distribución* anejado a las alegaciones estaba firmado por ambas partes. Según el TPI de dicho anejo surge que la apelante compareció representada por su abogado, Lcdo. Edgardo Santiago Torres y SA Pobla por el señor Fracinetti.

El TPI determinó como ciertas las alegaciones de la Demanda Enmendada y resolvió toda duda a favor de la demandante. No obstante, concluyó que no aducía una reclamación para descorrer el velo corporativo de SA Pobla y responsabilizar personalmente a Fracinetti, su esposa y la Sociedad Legal de Gananciales. Según el TPI, la apelante se limitó a alegar que (1) SA Pobla era un *alter ego*, conducto o instrumento económico pasivo del apelado su esposa y la Sociedad Legal de Gananciales y (2) estos recibían exclusiva y personalmente los beneficios producidos por la gestión corporativa. No obstante, el TPI determinó que la apelante no alegó hechos para establecer el segundo elemento necesario para descorrer el velo corporativo. El tribunal advirtió que la apelante incumplió con ese requisito, porque no alegó hechos específicos para establecer que el sostener la ficción corporativa de SA Pobla, equivalía a sancionar un fraude. Por consiguiente, resolvió que la Demanda Enmendada incumplió con las Reglas 7.2 y 7.3, *supra,* porque no contenía alegaciones de hechos constitutivos de fraude ni de la realización de un propósito ilegal o de clara inequidad.

Los Estados Bancarios no convencieron al TPI sobre la procedencia de descorrer el velo corporativo. Sin embargo, reconoció que probaban el primer elemento de esa causa de acción, debido a que demostraron: (1) ciertas transacciones reclamadas por SA Pobla que fueron pagadas por Fracinetti, (2) el control o dominio sobre la entidad que tienen sus dueños y (3) que no se guardaban todas las precauciones para asegurar la separación entre los dueños y la

entidad. No obstante, el TPI entendió que los Estados Financieros eran insuficientes para establecer un fraude o ilicitud.

La evidencia relacionada al pleito aludido por la apelante tampoco convenció al tribunal para descorrer el velo corporativo. Según el TPI, solo sirvió para demostrar que SA Pobla alegó que tenía negocios con terceros y que sus asuntos no se limitaron al *Distribution Agreement.* Al TPI le pareció que esa evidencia operaba contra la apelante y que, aunque la considerara a su favor, no alcanzaba el estándar de detalle exigido en las Reglas 7.2 y 7.3, *supra.*

Por otro lado, el TPI determinó que el incumplimiento contractual de la apelada era insuficiente para establecer el segundo elemento de la doctrina de *alter ego.* Según el TPI, la falta de pago o la existencia de una deuda insoluta no establecían los elementos de fraude, ilicitud, o inequidad necesarios para descorrer el velo corporativo.

El foro primario dio importancia a que la apelante (1) era una entidad sofisticada que ofrecía servicios de contabilidad, (2) estuvo representada por un abogado, (3) aceptó libre y voluntariamente contratar con SA Pobla y CFG y (4) no contrató con los individuos que la representan. El tribunal advirtió que Fracinetti no fue parte del contrato objeto de la Demanda, ni de la Demanda enmendada.

Los cuestionamientos sobre la legitimación activa de SA Pobla no fueron aceptados por el tribunal. Según el TPI, SA Pobla era la entidad que tenía que contestar el descubrimiento de prueba y defenderse de las alegaciones no asociadas a la deuda reclamada. No obstante, advirtió que concedió a Fracinetti, su esposa y la SLG permiso para unirse y adoptar como suya la moción de desestimación. El TPI no encontró inconsistencia en permitir la Demanda Enmendada y desestimar la causa de acción para descorrer el velo corporativo. Su conclusión se fundamentó en que

el estándar adjudicativo de la Reglas 13.1 y 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, era distinto. Según el TPI la autorización de una Demanda Enmendada no puede menoscabar el derecho de las partes acumuladas a levantar la defensa de que las alegaciones no exponen una reclamación que justifique la concesión de un remedio.

Por último, el tribunal advirtió que la apelante no solicitó permiso para enmendar nuevamente la demanda y se limitó a insistir que sus alegaciones de fraude cumplían con el estándar de prueba fuerte y robusta para descorrer el velo corporativo.

La apelante pidió reconsideración.[9] El TPI denegó la reconsideración.[10]

Inconforme la apelante, presentó este recurso en el que alega que:

> ERRÓ EL TPI AL DESESTIMAR LA CAUSA DE ACCIÓN DE DESCORRER EL VELO CORPORATIVO AL SUPUESTAMENTE DEJAR DE EXPONER ALEGACIONES ESPECÍFICAS DE FRAUDE SEGÚN REQUERIDO POR LA REGLA 7.2 DE PROCEDIMIENTO CIVIL.

## II

**Moción de Desestimación basada en la Regla 10.2(5) de Procedimiento Civil**

El Tribunal Supremo de Puerto Rico nos dio en *Costa Elena y otros v. Magic Sport y Otros*, 213 DPR 523, 534-535 (2024), las guías que debemos seguir para evaluar una moción de desestimación basada en el inciso 5 de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V. Dichas guías fueron ratificadas en *Saint Mary Investment LLC v. Denton Morales y otros* 2026 TSPR 35. Las guías para determinar que la demandante carece de una causa de acción que justifique la concesión de un remedio son las siguientes:

---

[9] Entrada núm. 162 del TPI.
[10] Entrada núm. 183 del TPI.

(1)    de las alegaciones de la demanda tiene que surgir que alguna de las defensas afirmativas prosperará;

(2)    tienen que tomarse como ciertos todos los hechos bien alegados en la demanda aseverados de manera clara y concluyente y que de su faz no dan margen a dudas;

(3)    las alegaciones de la demanda tienen que evaluarse conjuntamente y de la forma más favorable para la parte demandante;

(4)    toda duda debe resolverse a favor de la parte demandante;

(5)    la demandada tiene que establecer con certeza que la demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que pudiera probar en apoyo a su reclamación;

(6)    los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusivas pueden probarse con el descubrimiento de prueba.

**Reglas 7.2 y 7.3 de Procedimiento Civil, 32 LPRA Ap. V**

Según lo dispuesto en la Regla 7.2 *de* Procedimiento Civil, 32 LPRA Ap. V, todas las aseveraciones de fraude o error y las circunstancias que constituyen dichas aseveraciones tienen que exponerse detalladamente. El Tribunal Supremo de Puerto Rico ha resuelto que las alegaciones de fraude no solamente tienen que ser afirmativamente alegadas. Además, tienen que exponerse detalladamente las circunstancias que constituyen el fraude. *FigueroaFigueroa v. Banco de San Juan et al.,* 108 DPR 680, 690-691 (1979).

Por su parte, las aseveraciones de tiempo y lugar son esenciales a los fines de determinar la suficiencia de una alegación.

Por esa razón, recibirán la misma consideración que las demás aseveraciones de carácter esencial. 32 LPRA Ap. V R 7.3.

**Descorrer el velo corporativo**

Las corporaciones tienen una personalidad jurídica distinta y separada de sus accionistas. *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 86 (2023). Como norma general los accionistas no responden personalmente por los actos de la corporación sino hasta el monto de su inversión. *Santiago et al. v Rodríguez et al.,* 181 DPR 204, 214 (2011). No obstante, los tribunales podrán descartar la personalidad jurídica de la corporación, cuando es un *alter ego* o conducto económico pasivo. Una corporación es un *alter ego*, cuando opera como un conducto o *bussiness conduct* de su único accionista, quien recibe exclusiva y personalmente los beneficios producidos por la gestión corporativa. Los accionistas responderán individualmente, si es necesario para evitar un fraude, un propósito ilegal o una clara inequidad o mal. El velo corporativo se descorre y los accionistas responden personalmente, (1) cuando utilizan la corporación como un *alter ego* y (2) para evitar un fraude o la realización de un propósito ilegal o mal. *DACo v. Alt Fl Dev.,* 132 DPR 905, 925-926 (1993).

La parte que pretende descorrer el velo corporativo debe demostrar que (1) no existe una separación adecuada entre la corporación y el accionista y (2) los hechos son tales que reconocer la personalidad jurídica sería igual a **sancionar** un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude, o defender un crimen. *DACo v. Alt Fl Dev.,* supra pág. 928.

El fracaso económico de la corporación, su administración deficiente y el no observar las formalidades corporativas por sí mismas, no son razón suficiente para desconocer la entidad. El mero hecho de que una sola persona sea el único accionista no conlleva

de por sí imponerle responsabilidad individual. El peso de la prueba no se descarga con la mera alegación de que la empresa es un *alter ego* de los accionistas. La prueba de quien solicita descorrer el velo corporativo tiene que ser robusta y convincente. El promovente de esa causa de acción tiene que demostrar que: (1) existe tal identidad de interés y propiedad, que la corporación y la persona de sus accionistas se hayan confundidas y (2) los hechos son de tal naturaleza que el sostener la ficción de la corporación derrota la política pública que sanciona la utilización de la corporación para perpetuar un fraude o promover una injusticia o ilegalidad. *C. Díaz Olivo, Corporaciones: Tratado sobre Derecho Corporativo*, 2da ed., rev., Editorial Alma Fuerte, Ed. 2018, págs.119-120.

III

La apelante cuestiona que el TPI desestimó su reclamo para descorrer el velo corporativo, sin permitirle descubrir prueba. Además, aduce que la Demanda Enmendada cumplió con los requisitos de las Reglas 7.2 y 7.3, *supra*, porque incluyó alegaciones específicas sobre el fraude de SA Pobla y su único accionista y del período en que fue cometido.

La controversia se reduce a determinar si procede la desestimación de la reclamación para descorrer el velo corporativo, porque carece de una causa de acción que justifique la concesión de un remedio.

Para que las alegaciones de fraude contenidas en la Demandada Enmendada sobrepasen el crisol de la Regla 10.2 (5), *supra,* tienen que cumplir con la doctrina de descorrer el velo corporativo y los requisitos de las Reglas 7.2 y 7.3, *supra.*

Las alegaciones de la Demanda Enmendada en la que la apelante solicita descorrer el velo corporativo e imputa fraude a su único accionista Fermín J Fracinetti Rivas son las siguientes:

(1) SA Pobla era una compañía de responsabilidad limitada creada al amparo de las leyes del Estado Libre Asociado de Puerto Rico.

(2) SA Pobla estaba inoperante y no generaba ingresos.

(3) El señor Fracinetti era el único accionista y socio administrador de SA Pobla, utilizaba sus activos como personales y tenía el control absoluto de la corporación.

(4) La apelante advino en conocimiento durante el descubrimiento del caso Civil Núm. SJ2023CV05067 que SA Pobla no tenía cuentas bancarias y que los pagos los realizó su único accionista y socio administrador Fermín M Fracinetti Rivas.

(5) SA Pobla admitió en una moción de reconsideración en el caso Civil Núm. SJ2023CV05067 que era inoperante, no tenía actividades comerciales y no generaba ningún ingreso.

(6) El señor Fracinetti Rivas retiraba irrestrictivamente el capital de SA Pobla.

(7) Los activos personales del señor Fracinetti Rivas estaban mezclados con los activos de SA Pobla.

(8) El capital de SA Pobla tenía una estructura inadecuada.

(9) La falta de archivos corporativos y del cumplimiento de las formalidades corporativas de SA Pobla era crasa.

(10) Los demás oficiales y directores de SA Pobla estaban inactivos o no existían.

(11) SA Pobla tenía la práctica de no declarar dividendos.

(12) El señor Fracinetti representaba públicamente que respondía personalmente por las obligaciones de SA Pobla y por su manejo, sin atención a su personalidad independiente.

Este Tribunal dio como ciertas todas las alegaciones bien alegadas de la Demanda Enmendada, las interpretó conjuntamente

y de la forma más favorable para la apelante. No obstante, concluimos que las alegaciones son insuficientes para establecer que la apelante tiene una causa de acción que justique descorrer el velo corporativo para traer al pleito al señor Fracinetti.

Las alegaciones de la Demanda Enmendada son insuficientes para establecer un fraude que justique descorrer el velo corporativo, ya que no cumplen con la especificidad requerida en la Regla 7.2, *supra.*

La prueba que la apelante descubrió en el pleito al que ha hecho referencia no evidencia el fraude. Al igual que el TPI entendemos (1) que la falta de cuentas bancarias de SA Pobla y (2) que el señor Fracinetti sea su único accionista y socio administrador y que realizara los pagos, no prueban el fraude. Las admisiones de SA Pobla de que eran inoperantes no tenían actividades comerciales y no generaban ningún ingreso, tampoco evidencian un fraude. Además, la apelante se contradice, porque alega que SA Pobla admitió que hizo pagos a Health Care. La contradicción consiste en que también alega que SA Pobla es inoperante. Igualmente, concluimos que las alegaciones de confusión de patrimonio no establecen un fraude. A la misma conclusión llegamos sobre las transferencias reflejadas en los Estados Financiaros.

Las alegaciones de la Demanda Enmendada únicamente establecen que no existe una separación adecuada entre la corporación y el accionista. No obstante, no contienen hechos específicos y detallados del fraude, que justifique descorrer el velo corporativo. Por consiguiente, la Demanda enmendada también esta huérfana de aseveraciones sobre el tiempo y lugar en que se cometió el fraude.

La apelante pretende cumplir con las Reglas 7.2 y 7.3, *supra,* a base de alegaciones conclusorias que no están sostenidas por hechos detallados y específicos constitutivos de fraude. Dicha parte

ni siquiera alegó los hechos fraudulentos que la apelada cometió en su contra. Las alegaciones sobre hechos específicos que establezcan la intención de la parte apelada de defraudar a la apelante no existen. La Demanda Enmendada tampoco incluye ninguna alegación sobre hechos que establezcan que la conducta fraudulenta de la apelada ocasionó daños a los intereses personales y el patrimonio de la apelante.

Según la apelante, el TPI no debió desestimar la causa de acción para descorrer el velo corporativo, sin permitirle descubrir prueba. Sus argumentos no proceden. Los tribunales no pueden dar paso a una demanda insuficiente, bajo el pretexto de que las alegaciones conclusorias pueden probarse con el descubrimiento de prueba. Este tribunal no puede pasar por alto que la apelante es una compañía de contadores públicos autorizados y que asistió a la contratación representada por su abogado.

La apelada demostró que la apelante no tiene una causa de acción que justifique descorrer el velo corporativo. La desestimación de esa causa de acción procede, porque la apelante no tiene derecho a remedio alguno bajo ningún escenario de derecho que pueda probar a su favor.

IV

Por los fundamentos antes esbozados, se confirma la sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones